IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALI AISHRAT, :
     Petitioner
: 

     vs. :   CIVIL NO. 1:CV-08-0786

MICHAEL B. MUKASEY, U. S. :
Attorney General, and
IMMIGRATION AND CUSTOMS :
ENFORCEMENT (I.C.E.) DEPARTMENT
OF HOMELAND SECURITY (D.H.S.), :
     Respondents

*M E M O R A N D U M*

I. *Introduction*

     On April 28, 2008, the petitioner, Ali Aishrat, an ICE detainee at the Pike County Correctional Facility, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention and seeking release under supervision. He relies on *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). Aishrat is a citizen of Pakistan and is under a final order of removal to his native country.

II. *Discussion*

     The detention, release, and removal of aliens subject to a final order of removal are governed by the provisions of 8 U.S.C. § 1231, INA § 241. Pursuant to § 1231(a), the Attorney General has ninety days to remove an alien from the United

States after an order of removal becomes final. During this "removal period," detention of the alien is mandatory. *See* 8 U.S.C. § 1231(a)(2).

After the ninety-day period, if the alien has not been removed and remains in the United States, his detention may be continued, or he may be released under the supervision of the Attorney General. *See* 8 U.S.C. §§ 1231(a)(3) and (6). Under section 1231(a), ICE may detain an alien for a "reasonable time" necessary to effectuate the alien's deportation, but under *Zadvydas* indefinite detention is not authorized. In *Zadvydas*, the Supreme Court defined six months as a presumptively reasonable period of detention. 533 U.S. at 701, 121 S.Ct. at 2505. After this six-month period, an alien must be released if he provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. If he makes this showing, to keep him in custody ICE must show in rebuttal that there is indeed a significant likelihood of removal in the reasonably foreseeable future. *Id.*

In Aishrat's case, his removal order became final on September 20, 2007, when the Board of Immigration Appeals dismissed his appeal of the immigration judge's order of removal. His six-month period of reasonable detention thus ran until March 20, 2008. Hence, at the time he filed his 2241 petition in April 2008, Aishrat was in custody for one month over the six-month period of reasonable detention and at the

current time he has been in custody about four months beyond this period. On March 31, 2008, Petitioner received a detention review from the Headquarters Post-Order Detention Unit, concluding that he should continue to be detained because ICE was "currently working with the Consulate of Pakistan to obtain a travel document" and that "ICE expect[ed] the travel document to be issued in the near future . . . and that [Petitioner's] removal would occur in the reasonably foreseeable future." (Doc. 7-2).

Petitioner argues that he has met his burden of showing that his removal is not likely in the reasonably foreseeable future because early in his ICE detention he was flown to Louisiana for a flight to Pakistan but was refused boarding because he had no travel documents and Pakistan refused to recognize him as a citizen. Petitioner asserts it has been more than six months since then and there are still no travel documents. He maintains that there is no reason to believe that the situation will be any different six months or a year from now.

In opposition, the government submits the penalty-of-perjury declaration of Paul J. Wiss, the deportation officer responsible for Petitioner's removal. Wiss affirms that an attempt was made to remove Aishrat to Pakistan on December 18, 2007, but that the Pakistan Embassy was unable to issue travel documents in time. (Doc. 7-2, ¶ 8). On March 19, 2008, the

Pakistani Embassy informed ICE that travel documents had to be obtained from the Pakistani Consulate in New York. (*Id.* ¶ 9). ICE contacted the Consulate the same day, and on April 1, 2008, the Consulate interviewed Aishrat. (*Id.* ¶¶ 10 and 11). "On May 6, 2008, the Consulate indicated they were not yet able to issue a travel document as they were still awaiting confirmation from Pakistan." (Id. ¶ 12). Wiss concludes that Pakistan has thus not refused to issue travel documents and that there is no reason to believe that they will not be issued in the reasonably foreseeable future.

In reply, Petitioner argues that Wiss's declaration confirms that he will not be removed in the reasonably foreseeable future because it took ICE about three months from its first attempt to remove him to discover that travel documents had to be obtained from the Pakistani Consulate in New York.

We will deny the petition. We do not think that Petitioner's current period of confinement is excessive; it is only about four months beyond the presumptive six-month period of reasonable confinement. *Zadvydas*, 533 U.S. at 701, 121 S.Ct. at 2505 ("This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."). Additionally,

4

Petitioner has failed to meet his burden of showing that his removal will not occur in the reasonably foreseeable future. On this record, Pakistan has not refused to issue travel documents; it is still processing the request for them. Of course, "for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701, 121 S.Ct. at 2505. Thus, if time passes with no progress on removal, Aishrat may file a new 2241 petition challenging his continued detention. We believe it would not be unreasonable for him to file another petition after four more months. Alternatively, he may file sooner if specific events occur indicating he would not be removed in the reasonably foreseeable future. We add, however, that we express no opinion on whether such a motion would succeed in either circumstance.

We will issue an appropriate order.[1]

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: August 1, 2008

---

[1] Petitioner has also claimed that the Headquarters Post-Order Detention Unit violated due process by not allowing him to appear personally to argue for supervised release. This claim fails because ICE can detain Petitioner if it believes he will be removed in the reasonably foreseeable future. Hence, assuming a due process violation, Petitioner has not shown any prejudice from the lost opportunity to argue his case personally. *See Wilson v. Ashcroft*, 350 F.3d 377, 381 (3d Cir. 2003)(there is "no due process violation in the absence of prejudice").

```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


ALI AISHRAT,                      :
        Petitioner
                                  :

        vs.                       :    CIVIL NO. 1:CV-08-0786

MICHAEL B. MUKASEY, U. S.         :
Attorney General, and
IMMIGRATION AND CUSTOMS           :
ENFORCEMENT (I.C.E.) DEPARTMENT
OF HOMELAND SECURITY (D.H.S.),    :
        Respondents
```

*O R D E R*

AND NOW, this 1st day of August, 2008, upon consideration of the petition under 28 U.S.C. § 2241, it is ordered that:

  1. The petition (doc. 1) is denied, but without prejudice to filing another 2241 petition if events show that Petitioner remains in custody beyond the reasonably foreseeable future.

  2. The Clerk of Court shall close this file.

                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge